## Berks Utilities Company v. Ahrens

*Randolph Stauffer*, for plaintiff.
*Charles W. Matten*, for defendant.

MAYS, J., July 6, 1936.—Plaintiff instituted an action in assumpsit claiming the sum of $2,502.81 alleged to be due by reason of a default in the terms of a written contract entered into between defendant and others of the one part and Marshall V. Robb of the other part.

Defendant filed an affidavit of defense raising questions of law. He points out that the contract is a joint one, and asserts that "as the other parties of the first part named in said contract with the plaintiff are not joined

as defendants in this suit, no recovery can be had against the defendant."

An examination of section 3 of the Practice Act of May 14, 1915, P. L. 483, discloses that:

"Pleas in abatement, pleas of the general issue . . . and all other pleas are abolished. Defenses heretofore raised by these pleas shall be made in the affidavit of defense."

Section 4 of the act provides:

"Demurrers are abolished. Questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section twenty."

Section 20 of the act reads:

"The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court."

We say, as did Groff, P. J., in Zercher v. Bitzer, 42 Lanc. 610, 611:

"It seems to us that the question raised in the affidavit of defense here comes very close to being what was known at common law as a plea of *actionem non*. The affidavit of defense in our mind probably raises a plea in bar or a plea in abatement, which is cared for in Section 3 of the Practice Act of 1915 recited above. If that is correct, the objections therein raised would have to be raised in an affidavit of defense to the averments of fact in the plaintiff's statement."

An objection such as is raised here, viz., that the undertaking was a joint one, prior to the Practice Act of 1915 would have been properly raised by a plea in abatement, "but as that act abolished pleas, it may now be raised in the affidavit of defense": Livingston v. Aaronson, 22 Dauph. 179. To the same effect is Aronsky Iron & Steel Co. v. Sussman, 12 Leh. L. J. 266.

And now, to wit, July 6, 1936, the question of law raised in the affidavit of defense is decided against de-

fendant, and defendant is allowed 15 days from this date in which to file a supplemental affidavit of defense to the averments of fact of the statement.